BENJAMIN B. WAGNER
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>MARIA GUTIERREZ,<br><br>            Defendant. | CASE NO. 1:12-CR-281 LJO<br><br>MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by and through BENJAMIN B. WAGNER, the United States Attorney for the Eastern District of California, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant, Maria Gutierrez, and her attorney, Janet Bateman, have agreed as follows:

1. Charges.

The defendant acknowledges that she has been charged in an Indictment as follows: Possession of Methamphetamine With Intent to Distribute, in violation of Title 21, U.S.C. 841(a)(1) and 841(b)(1)(A).

2. Agreements by the Defendant.

   (a)   The defendant agrees that this plea agreement shall be filed with the court and become a part of the record in the case.

   (b)   The defendant agrees to enter a plea of guilty to the one-count Indictment that charges her with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. 841(a)(1).

Memorandum of Plea Agreement                                1

(c) The defendant agrees and stipulates to request a sentence of not less than 48 months. The defendant will not move for a downward departure or reduction of her sentence beyond that agreed to by the government under the terms of this written plea agreement. Should, however, the government make any recommendation for a sentence lower than 48 months, the defendant is free to argue or move the Court to agree to such a sentence. Other than as just stated, the defendant understands and agrees that this agreement by her includes, but is not limited to, not moving for a downward departure of her offense level, criminal history, criminal history points, as defined by the United States Sentencing Guidelines. The defendant further agrees that she will provide no information to the Court which would justify a downward departure, nor make any written or oral address to the Court or Probation which would suggest that the Court that it is not bound by the plea agreement. When addressing the Court, the defendant will support and request a sentence of at least 48 months or the sentence recommended by the government, whichever is lower.

(d) Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a controlled substance offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

(e) The defendant further acknowledges, that although the government has indicated a sentencing range which may result from the agreements contained herein, the government makes no representations as to the defendant's criminal history category or the guideline calculation which may result by the Probation Office. Should other factors result in a recommended sentence which is higher than contemplated or forecasted by the parties, such a sentence is not in violation of this agreement and the government is only bound to recommend the specific reductions listed herein. By the terms of this agreement, the defendant has no entitlement to any particular sentence.

///

(f) The defendant understands and agrees that the Court is not a party to this agreement, that sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

(g) If the defendant's conviction on any of the counts to which she is pleading is ever vacated at the defendant's request, or her sentence is ever reduced at her request, or if the defendant violates the Plea Agreement, she shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. The government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision, including Double Jeopardy. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement, the defendant successfully moves to withdraw her plea, or the defendant moves to reduce her sentence: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the

defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(c)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(h)   The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal her conviction, any sentence, the manner in which that sentence was determined, or the denial of any motion to reduce his sentence (so long as the sentence is within the statutory maximum for the crime) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives her right to challenge her conviction, sentence or the manner in which it was determined in any post-conviction proceeding, including but not limited to a motion brought under Title 18, United States Code, Section 3582, and Title 28, United States Code, Sections 2241 or 2255.

(i)   The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

3.   Agreements by the Government.

(a)   If the United States Probation Office determines that a three-level reduction in the defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

///

(b) The government will recommend a sentence at the bottom of the guideline range, believed to be a sentence of 70 months.

(c) The government further agrees to recommend a 2-level reduction in her offense level pursuant to U.S.S.G. § 2D1.1(b)(16) which provides for such reduction where the defendant meets the criteria set forth in subdivisions (1) through (5) of U.S.S.G. § 5C1.2 (Limitations on Applicability of Statutory Minimum Sentences in Certain Cases), provided that the defendant meets these criteria and that the probation office agrees that the defendant meets these criteria and the defendant's criminal history category is determined to be I.

(d) The government agrees to recommend a two-level reduction for the defendant's role in the offense, and a four-level reduction pursuant to Section 2D1.1(a)(5).

4. <u>Nature, Elements, Possible Defenses, and Factual Basis</u>.

(a) The defendant has read the charges contained in the Indictment in this case and those charges have been fully explained to her by her attorney.

(b) The defendant fully understands the nature and elements of the crime with which she has been charged, together with the possible defenses thereto, and has discussed them with her attorney. To convict the defendant of the crime of possession of methamphetamine with intent to distribute, the government would have to establish the following beyond a reasonable doubt:

(i) The defendant knowingly possessed methamphetamine;

(ii) The defendant did so knowing intending to distribute it to another individual;

(c) The defendant will plead guilty because she is in fact guilty of the crime set forth in the Indictment. The defendant also agrees that the following are the facts of this case, although she acknowledges that, as to other facts, the parties may disagree:

> On or about August 5, 2012, in the County of Stanislaus, State and Eastern District of California, the defendant was driving a vehicle that was stopped by law enforcement. During a search of the vehicle, agents discovered approximately six pounds of methamphetamine in the trunk of the vehicle. The defendant admitted that she was transporting the drugs to distribute to another individual. The total amount of actual methamphetamine involved in the defendant's offense is 2628 grams.

5. <u>Potential Sentence</u>.

The defendant understands that since the offense to which she is pleading guilty occurred after

November 1, 1987, the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by *United States v. Booker* and *United States v. Fanfan*, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

The following is the maximum potential sentence which the defendant faces:

 (a) Imprisonment.

  Mandatory Minimum: ten years (unless qualified for safety-valve).

  Maximum: life.

 (b) Fine. Maximum: Ten Million ($10,000,000.00) Dollars.

 (c) Fine and/or Imprisonment.

 (d) Supervised Release.

  Mandatory Minimum: five years.

  Maximum: life.

  (Should the defendant violate the conditions of supervised release, she could be subject to a term of imprisonment up to the term of supervised release imposed.)

 (e) Penalty Assessment. Mandatory: One Hundred Dollars ($100.00).

 (f) Pursuant to 21 U.S.C. § 862, the defendant may become temporarily or permanently ineligible for any and all federal benefits and, pursuant to 21 U.S.C. § 862a, shall be ineligible for the following government benefits:

  (1) assistance under any State program funded under part A of title IV of the Social Security Act (42 U.S.C. § 601 et seq.);

(2) benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) (7 U.S.C. § 2012(h)) or any State program carried out under the Food Stamp Act of 1977 (7 U.S.C. § 2011 et seq.).

(g) Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a controlled substance offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

6. <u>Waiver of Rights</u>.

The defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) The defendant is entitled to the continued representation of an attorney at any trial in this case and, if the defendant is unable to afford such an attorney, the court will appoint one.

(b) If the defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial and the assistance of an attorney at that trial. If the defendant could not afford an attorney, one would be appointed for her. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by

exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(d) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(f) At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

(g) After conviction, the defendant would have the right to appeal her conviction and sentence.

**The defendant understands that by pleading guilty she is waiving all of the rights set forth above and her attorney has explained those rights to her and the consequences of her waiver of those rights.**

7. <u>Questions by Court</u>.

The defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offenses to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury or false statement.

8. <u>Entire Agreement</u>.

The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce defendant to plead guilty.

///

///

9. **Court not a Party.**

It is understood by the parties that the sentencing Court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 5 above. Also, should the court fail to follow any or all of the government's sentencing recommendations, the defendant will not be allowed to withdraw her plea.

10. **Presentence Report.**

The defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the court as its own sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the court, of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment.

Dated: September    , 2013

BENJAMIN B. WAGNER
United States Attorney

/s/ Kathleen A. Servatius
KATHLEEN A. SERVATIUS
Assistant United States Attorney

DATED: September 6, 2013

*Maria Juarez
Maria Gutierrez
Defendant

DATED: September 6, 2013

Janet Bateman
Attorney for Defendant

9/6/2013

Delia Rivera-Stark
Interpreter

Memorandum of Plea Agreement                9